Oliver J. H. Stiefel, OSB # 135436
Tel: (503) 227-2212
oliver@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Fax: (503) 296-5454

David H. Becker, OSB # 081507
Tel: (503) 388-9160
davebeckerlaw@gmail.com
Law Office of David H. Becker, LLC
4110 SE Hawthorne Boulevard # 168
Portland, Oregon 97214

*Attorneys for Central Oregon LandWatch*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **CENTRAL OREGON LANDWATCH**, an Oregon non-profit corporation;<br><br>Plaintiff,<br><br>v.<br><br>**SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; **JAMES M. PEÑA**, in his official capacity as Regional Forester for Region 6 of the United States Forest Service; and the **UNITED STATES FOREST SERVICE**, a federal agency of the United States Department of Agriculture,<br><br>Defendants,<br><br>**OCHOCO TRAIL RIDERS**, **OREGON MOTORCYCLE RIDERS ASSOCIATION**; **PACIFIC NORTHWEST 4 WHEEL DRIVE ASSOCIATION**, **DESCHUTES COUNTY 4 WHEELERS**; and **THE BLUERIBBON COALITION**,<br><br>Defendants-Intervenors. | Case No. 2:17-cv-01004-SU (Lead)<br>**Case No. 2:17-cv-01091 (Trailing)**<br>Case No. 2:17-cv-01366 (Trailing)<br><br>**MOTION FOR AWARD OF ATTORNEYS FEES AND MEMORANDUM IN SUPPORT** |

# MOTION

Pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4), the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2812(d), Federal Rule of Civil Procedure 54, and Local Rule 54-3, Plaintiff Central Oregon LandWatch ("LandWatch") hereby respectfully moves for an award of attorneys' fees, costs, and other expenses. This motion is supported by the following memorandum and the accompanying declarations of Oliver J. H. Stiefel, David H. Becker, and Paul Dewey.

LandWatch submits its Fees Application on this date in satisfaction of EAJA's statutory deadline and this Court's order of March 28, 2019, ECF107. However, LandWatch requests that no action be taken on the application at this time. Pursuant to LR 7-1, the undersigned certifies that the Parties have been in discussions regarding LandWatch's claims for attorneys' fees, costs, and other expenses, and seek to reach an agreement without the need for any further action by this Court. Accordingly, the Parties are filing concurrently herewith a stipulated motion to stay further proceedings on this application until September 20, 2019. By that date, the Parties will submit a Joint Status Report to the Court and, if settlement negotiations are unsuccessful, will submit a proposed schedule for further proceedings.

Should the Parties' settlement negotiations fail, LandWatch will amend this application and support it with all remaining required documentation. *See United States v. Hristov*, 396 F.3d 1044 (9th Cir. 2005) (holding a petitioner could amend a timely filed motion for attorneys' fees after the statutory deadline had passed).

///
///
///
///

Mot. for Award of Attorneys' Fees—i
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

**MEMORANDUM**

**INTRODUCTION**

LandWatch respectfully moves the Court for an award of attorneys' fees, costs, and other expenses pursuant to the ESA and EAJA. LandWatch achieved significant success in this case challenging the Forest Service's issuance of the Supplemental Final Environmental Impact Statement ("SFEIS") and Record of Decision ("ROD") approving the Ochoco Summit Trail System Project (the "Project"). Indeed, this Court vacated the SFEIS and ROD—the precise relief that LandWatch sought in bringing this case. LandWatch seeks $310,829.93 in attorneys' fees, costs, and other expenses for its successful prosecution of this case.

**ARGUMENT**

**I.     This Fees Application is Timely.**

This Court entered judgment in favor of LandWatch on January 4, 2019. ECF105. Unless otherwise ordered by the Court, Federal Rule of Civil Procedure 54(d)(2)(B) requires that a motion for attorneys' fees, costs, and other expenses be filed within 14 days of entry of judgment, unless a statute provides otherwise. Because the ESA does not include a deadline for the filing of a motion for attorneys' fees, costs, and other expenses, Rule 54(d)(2)(B)'s deadline controls unless the Court orders otherwise. EAJA, on the other hand, provides that a party must file any application for attorneys' fees, costs, and other expenses within 30 days after a judgment becomes final and not appealable. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G).

Reconciling the discrepancy between the deadlines, this Court extended the Rule 54(d)(2)(B) deadline (which governs any motion for fees under the ESA) to bring it in line with the EAJA deadline. ECF107 ("Any motions for attorneys' fees, costs, and other expenses * * * to be filed within thirty days of the final disposition of all appeals and cross-appeals in this litigation."). The Ninth Circuit Court of Appeals granted Federal Defendants' motion to voluntarily dismiss their

Memo ISO Mot. for Award of Attorneys' Fees—1
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

appeal on June 13, 2019. *See* ECF113. This Fees Application therefore is timely because it is filed within 30 days after the judgment became final and not appealable.

## II. LandWatch is Entitled to An Award of Attorneys' Fees, Costs, and Other Expenses under the ESA and EAJA.

LandWatch is entitled to its fees, costs, and other expenses under two statutes. The ESA provides that a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). EAJA provides that "a court shall award * * * fees and other expenses" to a "prevailing party" in proceedings for judicial review of agency action. 28 U.S.C. § 2412(d)(1)(A).

Because the ESA's citizen suit provision provides an express authorization for attorneys' fees in ESA cases, courts look first to the ESA and then to EAJA in evaluating a plaintiff's fee request. *See Or. Natural Desert Ass'n. v. Vilsack*, No. 2:07-cv-01871-HA, 2013 U.S. Dist. LEXIS 92766 (D. Or. July 2, 2013). In other words, where attorney fee liability arises under both the ESA citizen suit and under EAJA, EAJA should be "subordinated" to the ESA fee-shifting provision. *See* "Payment of Attorney's Fees In Litigation Involving Successful Challenges to Federal Agency Action Arising Under the Administrative Procedure Act and the Citizen-Suit Provisions of the Endangered Species Act" (hereafter "DOJ Memo"), *available at* https://www.justice.gov/sites/default/files/olc/opinions/2000/11/31/op-olc-v024-p0311_0.pdf (Nov. 27, 2000) ("We believe that a court, in addressing [successful claims under both APA-EAJA and ESA], would apply EAJA section 2412(d) only as a fall-back to other fee shifting provisions, such as ESA section 11(g)(4)").

### A. LandWatch is entitled to fees, costs, and other expenses under the ESA.

Attorneys' fees are "appropriate" under the ESA when a party achieves "some degree of success on the merits," *Ruckleshaus v. Sierra Club*, 463 U.S. 680, 694 (1983), or "succeed[s] on any significant issue in the litigation which achieves some of the benefit sought in bringing suit." *LSO,*

Memo ISO Mot. for Award of Attorneys' Fees—2
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

*Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir. 2000) (citations omitted). This standard is a lesser standard than the "prevailing party" standard. *Ruckleshaus*, 463 U.S. at 688.

Here, LandWatch secured full vacatur of the challenged decision on grounds that, *inter alia*, the Forest Service failed to comply with Section 7 of the ESA. *See* ECF89 at 16, 49–50; ECF104 at 3, 9. Because LandWatch has satisfied the higher "prevailing party" standard, as described in more detail below, LandWatch is entitled to a fee award under the ESA.

**B.     LandWatch is entitled to fees, costs, and other expenses under EAJA.**

A litigant is eligible for an award under EAJA if it is (1) a "prevailing party"; (2) that meets applicable size or net worth criteria. 28 U.S.C. § 2412(2)(1)(B). "Once a party's eligibility has been proven, an award of fees under EAJA is mandatory unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991).

**1.     LandWatch is the "prevailing party."**

A party is "prevailing" if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, LandWatch achieved the precise benefit it sought in bringing the suit: vacatur of the SFEIS and ROD. As a result, LandWatch is prevailing party under EAJA. *See Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) (a party prevails when "actual relief on the merits of the claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff").

**2.     LandWatch meets EAJA's size and net worth criteria.**

To be eligible for fees under EAJA, a party must be "any * * * organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed" or "an organization described in section

Memo ISO Mot. for Award of Attorneys' Fees—3
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

501(c)(3)" regardless of net worth. 28 U.S.C. § 2412(d)(1)(A). LandWatch is a 501(c)(3) organization that employs fewer than 500 employees and is therefore eligible under EAJA. Dewey Decl. ¶¶ 2–3.

### 3. The position of the United States was not substantially justified, and no special circumstances exist that would make an award unjust.

"A prevailing party is entitled to an award of attorneys' fees unless the position of the agency was substantially justified or * * * special circumstances make an award unjust. *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996). The agency bears the burden of proving its position was substantially justified. *Or. Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). To meet this burden, the agency must prove that its position had a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 556 (1988). The court considers the reasonableness of the underlying government action and the position asserted by the agency in court defending its validity. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). It is also the agency's burden of proving that any special circumstances exist that might make an award unjust. *Love,* 924 F.2d at 1495.

Here, the Forest Service was not substantially justified in issuing the SFEIS and ROD. Judge Sullivan identified numerous ways in which the agency violated a series of statutory and regulatory requirements. Judge Hernàndez adopted the F&R as to all of the legal deficiencies, and found one further legal violation. On account of the fact that the agency "committed multiple substantive errors, as to multiple statutes, regulations, and rules," ECF89 at 49, Judge Sullivan recommended vacatur of the SFEIS and ROD, and Judge Hernàndez so ruled. Under these circumstances, the agency cannot prove substantial justification under EAJA.

The "special circumstances" exception to eligibility under EAJA is a "'safety valve' [that] * * * gives the court discretion to deny awards where equitable considerations dictate an award

Memo ISO Mot. for Award of Attorneys' Fees—4
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

should not be made." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 5, 11, *reprinted in* 1980 U.S.C.C.A.N. 5984, 4990. LandWatch is unaware of any special circumstances that would make an award unjust in this case. *Cf. Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275, 1277 n.1 (9th Cir. 1997) (court considered party's "bad faith" in its fee determination").

### III.   LandWatch's Requested Attorneys' Fees, Costs, and Other Expenses Are Reasonable.

Once a party has established that an award is appropriate under the ESA, and its eligibility under EAJA, the next step is calculating what attorneys' fees are reasonable. Although the inquiry under the two statutes is somewhat different, the end result is the same. In sum, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. There is a strong presumption that this "lodestar" figure represents a reasonable rate. *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992).

#### A.   The hours claimed by LandWatch were reasonable expended.

A party's attorneys are entitled to be compensated "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). If the hours claimed were reasonably necessary to prosecute the case, and the plaintiffs obtained a substantial portion of the relief they sought, fees for all [plaintiff's] hours should be awarded." *City of Riverside v. Rivera*, 477 U.S. 561, 572 (1985).

Here, LandWatch's attorneys expended reasonable hours engaged in normal and justified tasks in order to carefully prosecute this lawsuit. Appellants attorneys judiciously completed

Memo ISO Mot. for Award of Attorneys' Fees—5
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

compensable activities, including reviewing the record, researching claims and arguments, undertaking case management activities, drafting pleadings and briefs, and preparing for and conducting oral argument. Appellants' attorneys time-keeping records are itemized by task and recorded at six-minute increments. *See* Stiefel Decl. Exs. B, C, and D; Becker Decl. Ex. A. The attorneys made a "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. *See* Stiefel Decl. ¶¶ 3, 28, 30; Becker Decl. ¶ 2.

Moreover, LandWatch obtained the precise relief it sought in this case, as described above. As the Supreme Court has instructed, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

    **B.**    **LandWatch's requested hourly rates are reasonable.**

        **1.**    **LandWatch's attorneys are entitled to market rates under the ESA and EAJA.**

Reasonable hourly rates under the ESA "must be calculated according to the prevailing market rates in the relevant legal community, with close attention paid to the fees charged by lawyers of reasonably comparable skill, experience and reputation." *Marbled Murrelet v. Pac. Lumber Co.*, 163 F.R.D. 308, 316 (N.D. Cal. 1995). There is no statutory cap on rates under the ESA. *S. Yuba River Citizens League v. NMFS*, No. CIV. S-06-2845 LKK/JFM, 2012 U.S. Dist. LEXIS 42287 (E.D. Cal. Mar. 26, 2012).

Although EAJA sets a base rate of $125 per hour, adjusted upward for inflation to account for cost of living increases,[1] EAJA provides for higher rates based on a "special factor, such as the

---

[1] "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which the counsel's work was performed." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). The Ninth Circuit has established that the hourly rates were: $187.02 in 2013, $190.06 in 2014, $190.28 in 2015, $192.68 in 2016, 196.79 in 2017, and $200.78 in 2018. *See* STATUTORY

Memo ISO Mot. for Award of Attorneys' Fees—6
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision "refers to attorneys having some distinct knowledge or specialized skill needful for the litigation in question." *Pierce*, 487 U.S. at 572. Environmental litigation is a recognized practice specialty meriting enhanced fees. *See Natural Res. Def. Council v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008). In addition to having specialized skills required by the litigation, these skills "must not be available elsewhere at the statutory rate." *Id.* at 1158. All three factors are present here.

First, this case required distinctive knowledge and specialized skill in the area of federal environmental litigation, as it involved complex issues arising under a series of environmental statutes, regulations, and rules. *See* ECF80 at 3 (summary of claims). In short, "this case involved more than a straightforward application of the APA and NEPA." *Winter*, 545 F.3d at 1161.

Second, LandWatch's attorneys possess unique and specialized expertise in environmental litigation of this type. Lead attorney Oliver Stiefel (J.D. 2013) exclusively has practiced public interest environmental law for six years and has handled over a dozen federal environmental law cases. *See* Stiefel Decl. ¶¶ 11–14. Co-counsel Dave Becker (J.D. 2000) is a recognized expert on environmental law issues, and has handled dozens of federal environmental law cases. *See* Becker Decl. ¶¶ 5–16.

Third, qualified environmental litigators were unavailable to handle this case at the statutory rate. *See* Dewey Decl. ¶ 7.

Under both the ESA and EAJA, therefore, LandWatch is entitled to reasonable market rates for its attorneys based on the prevailing rates for attorneys of equivalent specialization, skill, and

---

MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 11, 2018).

Memo ISO Mot. for Award of Attorneys' Fees—7
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

experience. *See Nararajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (attorneys entitled to a special factor enhancement under EAJA are entitled to rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

        2.        **The requested market rates are reasonable.**

LandWatch is entitled to reimbursement for lead counsel Oliver Stiefel at an hourly rate of $240 in 2016, $310 in 2017, $320 in 2018, and $325 in 2019. *See* Stiefel Decl. ¶¶ 33–43. Other Crag Law Center attorneys assisted on the case including Emma Bruden, Chris Winter, Ralph Bloemers, Courtney Johnson, and Maura Fahey; the rates requested for these attorneys are consistent with those requested by Mr. Stiefel and are commensurate with their experience. *See id.* Co-counsel Dave Becker is entitled to the following rates: $465 in 2018, and $475 in 2019. *See* Becker Decl. ¶¶ 17–24; *see generally* Stiefel Decl. Ex. A (summary total of all attorney rates by year).

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of the lawyers of reasonable comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Moreover, the party requesting fees in the District of Oregon is instructed to use the Oregon State Bar Economic Survey as a benchmark for assessing the reasonableness of hourly billing rates. *See* LR 54-3 Practice Tip; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). If the parties are unable to reach an agreement, LandWatch will supplement this Fees Application with supporting documentation demonstrating that its attorneys are entitled to the requested rates.

        C.        **LandWatch's requested costs and other expenses are reasonable.**

The ESA authorizes an "award [of the] costs of litigation (including reasonable attorney and expert witness fees)." 16 U.S.C. § 1540(g)(4). EAJA authorizes an award of "costs" as enumerated at

Memo ISO Mot. for Award of Attorneys' Fees—8
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

28 U.S.C. § 1920, 28 U.S.C. § 2412(a)(1), as well as "other expenses." 28 U.S.C. § 2412(d)(1)(A). The Ninth Circuit has interpreted "other expenses" under EAJA to include "expenses normally billed to a client," such as telephone calls, postage, and attorney travel expenses. *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 767 (9th Cir. 1986).

LandWatch seeks $10,105.93 in costs and other expenses reasonably incurred in this litigation, as detailed in Exhibit E to the Stiefel Declaration.

## CONCLUSION

For all of the foregoing reasons, LandWatch respectfully requests that this court grant their motion for an award of attorneys' fees, costs, and other expenses in the amount of $310,829.93. However, as described above, and in the concurrently filed Motion to Stay Proceedings, LandWatch requests that no action be taken on the Fees Application at this time, to allow time for the Parties to engage in settlement discussions. Should settlement negotiations fail, LandWatch will file supplemental briefing and other materials in support of the Fees Application.

DATED this 11th day of July, 2019.

    Respectfully submitted,

    */s/ Oliver J.H. Stiefel*
    Oliver J. H. Stiefel, OSB # 135436
    Tel: (503) 227-2212
    oliver@crag.org
    Crag Law Center
    3141 E Burnside Street
    Portland, Oregon 97214
    Fax: (503) 296-5454

    David H. Becker, OSB # 081507
    Tel: (503) 388-9160
    davebeckerlaw@gmail.com
    Law Office of David H. Becker, LLC
    4110 SE Hawthorne Boulevard # 168
    Portland, Oregon 97214

Memo ISO Mot. for Award of Attorneys' Fees—9
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

**TABLE OF EXHIBITS**

| Label | Document Name |
|---|---|
| Stiefel Decl. | Declaration of Oliver J. H. Stiefel |
| Stiefel Decl. Ex. A | Exhibit A – Global Total |
| Stiefel Decl. Ex. B | Exhibit B – Timesheets: Stiefel |
| Stiefel Decl. Ex. C | Exhibit C – Timesheets: Bruden |
| Stiefel Decl. Ex. D | Exhibit D – Timesheets: Other Crag Attorneys |
| Stiefel Decl. Ex. E | Exhibit E – Costs and Other Expenses |
| Becker Decl. | Declaration of David H. Becker |
| Becker Decl. Ex. A | Exhibit A – Timesheets: Becker |
| Dewey Decl. | Declaration of Paul Dewey |

Memo ISO Mot. for Award of Attorneys' Fees—I
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2019, a true and accurate copy of MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND OTHER EXPENSES AND MEMORANDUM IN SUPPORT was filed electronically via the CM/ECF system by the United States District Court, District of Oregon.

DATED this 11th day of July, 2019.

      /s/ Oliver J. H. Stiefel
      Oliver J. H. Stiefel
        Of Attorneys for Plaintiff LandWatch

Memo ISO Mot. for Award of Attorneys' Fees—II
*LandWatch v. Jeffries, et al.*
Case No. 2:17-cv-01091

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*